

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ARTHUR KURTZ, TDCJ No. 1968855, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-18-CA-00062-FB |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Christopher Kurtz, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ–CID"), has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for aggravated kidnapping, evading arrest, and tampering with evidence. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the habeas application (ECF No. 1), the respondent's Answer (ECF No. 8), the record (ECF No. 9), and applicable law, the Court finds the petition should be **DENIED**.

### I. Factual Background

The following facts were found by the Third Court of Appeals:

> Kurtz picked up a friend, April Sanchez, on his motorcycle to take her to her new job. New Braunfels Police Sergeant James Bell, who intended to serve an arrest warrant on Kurtz, began following them and activated his emergency lights. Officer Andrew Kempker testified that Kurtz initially slowed, then accelerated at a high rate of speed. Kurtz testified that he knew he was being pursued by police officers, but was unsure whether they had the right to detain him. They passed Sanchez's workplace during the chase. Several officers joined the pursuit. Video from a police car showed Kurtz traveling at more than 100 miles per hour, running a red light by passing between stopped cars, passing a car by driving on

grass, and weaving in and out of traffic at a high speed. NBPD's Bell testified that Kurtz used the motorcycle in a way that could have caused death or serious bodily injury to Sanchez and others. An NBPD supervisor discontinued the chase. Sometime after the chase stopped, Kurtz let Sanchez off the motorcycle in Schertz, a nearby town.

Later that day, Kurtz was captured. Officers found a gun and keys on top of the gun near where he was found. Kurtz admitted to having and attempting to hide the gun but stated that Sanchez had put it in his pocket during the ride and advised him to avoid the police. Kurtz told police during an interview that Sanchez wanted to risk her life in his escape. In recordings of a jailhouse visit with friends, Kurtz said that Sanchez was scared, beating him in the ribs, and wanting to stop. He said he told her he was not stopping until he lost the police.

Sanchez testified that she did not tell Kurtz to run from the police, but asked him to let her off near a gas station. She said he agreed and slowed to let her off, but then sped away. She testified that she continued to ask him to stop, but he did not let her off until the chase ended. During her police interview, Sanchez told police that Kurtz drove into oncoming traffic and that she thought they were going to wreck and die. She testified that she did not want to travel at 100 miles an hour on the highway and was not free to go. She testified that she knew Kurtz was running from the police, not trying to keep her. She also testified that Kurtz was a friend to whom she did not want anything bad to happen.

*Kurtz v. State*, No. 03-15-00144-CR, 2016 WL 3679111, at *1 (Tex. App.—Austin 2016, pet. ref'd).

## II. **Procedural Background**

A grand jury indictment returned July 2, 2014, charged Mr. Kurtz with aggravated kidnapping, evading arrest with a vehicle, and two counts of tampering with physical evidence. (ECF No. 9-14 at 5-7). The indictment further alleged Mr. Kurtz was a habitual offender based on two prior convictions. (ECF No. 9-14 at 7). Mr. Kurtz testified at the guilt/innocence phase of his trial. (ECF No. 9-18 at 16-62). After deliberating for approximately two hours, the jury acquitted Mr. Kurtz on one count of tampering with evidence and found him guilty on the other charges; the jury also found the enhancement allegations true and found Mr. Kurtz used a deadly

weapon while evading arrest. (ECF No. 9-14 at 36-39, 56, 67; ECF No. 9-28 at 107). The jury assessed prison terms of 70 years for aggravated kidnapping, 75 years for evading arrest, and 30 years for tampering with evidence, and the trial court ordered all the sentences be served concurrently. (ECF No. 9-14 at 73, 77, 80).

Mr. Kurtz filed a motion for a new trial, which was served on the State but not filed with the court. (ECF No. 9-14 at 111-12; ECF No. 9-28 at 36). He took a timely appeal, challenging the sufficiency of the evidence to support the aggravated kidnapping conviction, and relief was denied. *Kurtz*, 2016 WL 3679111, at *3.

Mr. Kurtz sought a state writ of habeas corpus, asserting he was denied the effective assistance of trial and appellate counsel; the evidence was insufficient to support his conviction for aggravated kidnapping; the prior convictions used to enhance his sentence were not proven at trial; and the trial court lacked jurisdiction because the indictment was faulty. (ECF No. 9-28 at 11-20). The habeas trial court, which was also the convicting court, made findings of fact and recommended the writ be denied. (ECF No. 9-28 at 105). The Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 9-24).

In his federal habeas petition, Mr. Kurtz asserts he was prosecuted "under a void indictment." (ECF No. 1 at 7). He also alleges he was denied the effective assistance of trial counsel and that the Court of Criminal Appeals violated his right to due process when denying habeas corpus relief. (ECF No. 1 at 7-13).

Specifically, Mr. Kurtz alleges:

1. The indictment was void because Kurtz was not charged by the grand jury sitting at time of his crime, but instead by the next empaneled grand jury and more than 180 days after his "commitment," thereby violating the statute of limitations.

2. He was denied the effective assistance of trial counsel because his counsel:
    a. failed to assert the indictment was void because it "exceeded the statute of limitations;"
    b. failed to object to introduction of evidence based on the chain of custody;
    c. failed to object to the testimony of Sergeant Bell;
    d. was not "aggressive on cross-examination;"
    e. failed to elicit testimony from the victim that she possessed a gun and put the gun in Kurtz's pocket;
    f. failed to object to the prosecutor's statements regarding Kurtz's credibility;
    g. failed to object to the jury charge;
    h. failed to object when the prosecutor "instructed" the jury there was "[n]o need for unanimity."

3. Counsel was ineffective for failing to assert a double jeopardy claim with regard to his possession of the gun.

4. Counsel was ineffective for failing to object to the amendment of the indictment during the trial.

5. Counsel was ineffective for:
    a. failing to investigate the enhancements and discover that one prior conviction was for a misdemeanor rather than a felony;
    b. failing to investigate the enhancements and discover that one prior conviction was uncounseled;
    c. failing to argue the enhancement paragraphs were "facially insufficient;"
    d. failing to object to the jury instruction on Kurtz's parole eligibility;
    e. failing to invoke The Rule prior to opening statements;
    f. failing to object when the victim testified in prison garb and handcuffs.

6. The Court of Criminal Appeals deprived him of due process by denying relief without written order.

Respondent allows the petition is timely and not successive, and asserts that many of Mr. Kurtz's claims are unexhausted and procedurally barred. (ECF No. 8 at 6).

4

## III. Exhaustion and Procedural Default

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000), *citing* 28 U.S.C. § 2254(b)(1). Federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). To exhaust his state remedies, a habeas petitioner must present his claims to the state's highest court in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a claim the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Picard v. O'Connor*, 404 U.S. 270, 276 (1971). Claims are not exhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Mr. Kurtz is unable to return to state court to present any unexhausted federal habeas claims because doing so would be barred by Texas' abuse of the writ doctrine. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998). Accordingly, any federal habeas claims not raised in Mr. Kurtz's appeal or in his state habeas action are deemed procedurally defaulted. *O'Sullivan*, 526 U.S. at 848; *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Federal habeas relief on the basis of a procedurally defaulted claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice arising from the default, or demonstrate the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To establish cause, a petitioner must show some external force impeded his efforts to comply with the state's procedural rule regarding proper presentment of the claims in the state courts. *Id.* at 753. To demonstrate prejudice, the petitioner must show the error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (internal quotations omitted). To establish a fundamental miscarriage of justice, the petitioner must make a "persuasive showing" he is actually innocent of the crime of conviction, i.e., that as a factual matter, he did not commit the crime for which he was convicted. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Mr. Kurtz has not filed a reply to the answer to his petition. Mr. Kurtz makes no showing of cause or prejudice, or that he is actually innocent of the crimes of conviction. Accordingly, relief on all of the procedurally defaulted claims may be denied.

In his state habeas action, Mr. Kurtz alleged the indictment was void because it did not state the aggravated kidnapping occurred in Comal County; in his federal habeas action Mr. Kurtz argues the indictment was void because it was not timely. Because his federal habeas claim is not predicated on the same factual and legal basis as the claim raised in his state habeas action, the claim is not properly exhausted and is procedurally defaulted. *Wilder*, 274 F.3d at 259. Similarly, although Mr. Kurtz raised several ineffective assistance of trial counsel arguments in his state habeas action, only one of his federal claims states the same factual basis as a claim raised in the state courts. The only ineffective assistance of counsel claim properly exhausted in the state courts is Mr. Kurtz's claim that his counsel was ineffective for failing to

challenge the use of his prior convictions for the purpose of enhancing his sentence. All of his other ineffective assistance of counsel claims are procedurally defaulted.

## IV. Standard of Review on Exhausted Claims

Mr. Kurtz's habeas petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254. Under section 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

## V. Analysis

### A. Ineffective assistance of counsel

The only ineffective assistance of counsel claim properly exhausted in the state courts is Mr. Kurtz's claim that his counsel was ineffective for failing to challenge the use of his prior convictions for the purpose of enhancing his sentence. In his state habeas action, Mr. Kurtz argued counsel was ineffective for failing to argue the prior convictions were not proved by actual judgments entered by the Michigan state court. The Court of Criminal Appeals denied relief on this claim on the findings of the trial court.

7

The Court reviews Sixth Amendment claims of ineffective assistance of trial counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a petitioner must demonstrate counsel's performance was deficient and the deficiency prejudiced his defense. *Id.* at 687-88, 690. When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing professional standards. *Id.* at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009); *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009).

Mr. Kurtz's trial counsel filed an affidavit in the state habeas action. With regard to the assertion that counsel erred by failing to challenge the prior convictions, counsel averred "all the information I had available to me revealed them to be felonies." (ECF No. 9-28 at 100). Mr. Kurtz presented no evidence that either of the subject convictions was actually classified as a misdemeanor. The state habeas trial court, which was also the convicting court, found counsel's statements credible and found Mr. Kurtz's allegation that one of the prior convictions was classified as a misdemeanor not credible. (ECF No. 9-28 at 105). The state habeas court's factual determinations, including credibility findings, are entitled to a presumption of correctness unless

8

they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). The presumption afforded factual findings is even stronger when, as in this matter, the state habeas judge making the findings is also the convicting court. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

The court's findings are supported by the record; the only "evidence" that the prior conviction was actually a misdemeanor conviction is a statement in [Mr. Kurtz's] motion for a new trial: "[T]he Carrying a Concealed Weapon conviction was not a felony conviction. The charge was reduced to a misdemeanor and the Defendant entered a plea to a misdemeanor conviction. In actuality, Defendant has only one prior felony conviction." (ECF No. 9-14 at 111).[1] There is no evidence in the record to support this statement, and counsel averred under oath in his affidavit that the available information indicated both convictions were for felony crimes. Furthermore, as noted during Mr. Kurtz's appellate proceedings, the punishment imposed on the aggravated kidnapping conviction was within the range of punishment without any enhancements. (ECF No. 9-28 at 37). Accordingly, Mr. Kurtz is unable to show that, even if counsel erred, absent the alleged error the result of the proceeding would have been different.

The state court's denial of this claim was not an unreasonable application of *Strickland*. Mr. Kurtz has not established that his counsel was ineffective for failing to assert one of the prior convictions used to enhance his sentence was a misdemeanor rather than a felony. Nor has he shown that the alleged error was prejudicial. Therefore, the state court's denial of this claim was not contrary to or an unreasonable application of *Strickland*.

---

[1] The Certification of Conviction from Michigan regarding this crime indicates only that Mr. Kurtz pleaded guilty to a charge of carrying a concealed weapon and was sentenced to one year of reporting probation. (ECF No. 9-22 at 58).

### B. Denial of state habeas relief without written order

Mr. Kurtz claims he was denied due process because the Court of Criminal Appeals denied his state habeas application without written order. It is "axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (internal quotation marks and citation omitted). *See also Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010). An attack on a state habeas proceeding does not entitle the petitioner to federal habeas relief, because at attack on the state habeas proceeding is a challenge to a proceeding collateral to detention and not a challenge to the detention itself. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). The Fifth Circuit has held "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984). Because this claim is not cognizable in a federal habeas action, *Kinsel v. Cain*, 647 F.3d 265, 273-74 & n.32 (5th Cir. 2011), relief on this claim must be denied.

### VI. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. Kurtz is not entitled to federal habeas relief. As such, a COA will not issue.

## VII. <u>Conclusion and Order</u>

Mr. Kurtz failed to exhaust and procedurally defaulted all but two of his federal habeas claims in the state courts, and he has not shown cause for, or prejudice arising from, his default of these claims. Mr. Kurtz has not shown that the failure to review the merits of the defaulted claims will result in a fundamental miscarriage of justice. The state court's denial of Mr. Kurtz's exhausted ineffective assistance of counsel claim was not contrary to or an unreasonable application of *Strickland*. Mr. Kurtz's claim that he was denied due process of law because the Court of Criminal Appeals denied habeas relief without written order is not cognizable as a federal habeas claim.

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Christopher Kurtz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 27th day of June, 2018.

*[signature]*

**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**